# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe,<br><br>          Plaintiff,<br><br>v.<br><br>Arizona Board of Regents, et al.,<br><br>          Defendants. | No. CV-24-01829-PHX-SMB<br><br>**PROTECTIVE ORDER** |

Pursuant to Fed. R. Civ. P. 26(c), the following provisions shall govern the disclosure and use of all Confidential Information disclosed or discovered in this action.

**Definitions**

1. "Confidential Information" means any information in any form (including without limitation, a document, electronically stored information, witness testimony, or response to written discovery), that (a) is not in the public domain (meaning that it is not generally known or reasonably ascertainable by means other than discovery in this action, has not been placed into the public domain by any Party, and is not a public record as defined by Arizona public record laws), (b) is provided by a Party or Third Party in the course of discovery and/or pleading(s) in this action, and contains one or more of the following types of sensitive information: (i) private or sensitive information, including, but not limited to, information that constitutes or contains proprietary, financial, technical, or commercially sensitive competitive

information or information that the Party producing the material (the "Producing Party") otherwise maintains as Confidential in the course of its operations; (ii) personally sensitive information of any individual affiliated or formerly affiliated with a Party (including current and former students, employees, and independent contractors of Arizona State University ("ASU")), including, but not limited  social security numbers, financial account numbers, student or employee identification numbers, credit card numbers, personal phone numbers, personal email addresses, home addresses, driver's license or state identification numbers, dates of birth, passwords, or the names of minor children; or (iii) information that relates or refers to current or former students of ASU, including all "education records" as that term is defined under the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g ("FERPA").

2. "Discovery Material" means any information in any form (including without limitation, a document, electronically stored information, witness testimony, or response to written discovery) that is produced or generated in disclosures or responses to discovery in this matter, or appended to pleadings in this matter (whether or not produced).

3. "Designating Party" means the Party that designates the Discovery Material as Confidential Information pursuant to this Protective Order.

4. "Party" means any party to this action, including all of their retained experts and counsel (and their support staffs).

5. "Privileged Information" means information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege or protection against disclosure.

6. "Producing Party" means the Party or Third Party that produces Discovery Material in this action.

7. "Receiving Party" means the Party that receives Discovery Material from a Producing Party.

8. "Third Party" means any natural person, partnership, corporation,

1  association, or other legal entity not named as a Party to this action.

**Designation of Confidential Information**

2

3  9. A Producing Party may designate as Confidential Information all or any portion of any Discovery Material that the Producing Party or a Third Party providing the Discovery Material (a) has a good faith interest in preserving as confidential, or (b) has a legal responsibility to another person or entity to preserve the private, confidential, or proprietary nature of the Discovery Material. Once designated, such material shall be treated as Confidential Information under the terms of this Order until such designation is withdrawn by the Producing Party or by an order of this Court.

10. A Party shall designate any Discovery Material as Confidential Information by placing or affixing the words "CONFIDENTIAL" on the document (or in the case of electronically stored information, in the file name or on the storage medium on which the information is produced) in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated as Confidential before the production or disclosure of the documents. The designation as Confidential Information does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

11. Any Party may designate the appropriate portions of any deposition transcript or videotaped deposition transcript (including exhibits) as containing Confidential Information by so advising the deposition reporter in the course of the deposition and indicating in the deposition transcript and/or on the videotape what portions of the testimony (or deposition exhibits) were so designated, or by so advising all other Parties of the pages designated as Confidential Information within 30 days after receipt of the final transcript by the Designating Party. Until 30 days have passed after the receipt of the final transcript by the Designating Party, the entire transcript and videotape shall be deemed to contain Confidential Information. If any Party designates any portion of a deposition exhibit or transcript as Confidential Information, then the

Party conducting (or that conducted) the deposition shall bear the burden of ensuring that the cover page and any designated portions of the original transcript or any copies of the transcript bear, in substance, the legend "CONFIDENTIAL – Subject to Protective Order." If a deposition taken on behalf of any Party involves the disclosure of Confidential Information, the Disclosing Party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, the Party or Party representative, counsel (including their staff), the court reporter, and the person(s) agreed upon pursuant to Paragraph 17, below.

12. Disclosures pursuant to Rule 26 and/or orders of the Court, and responses to written discovery requests propounded in accordance with Rules 33, 34, and 36, may be designated as Confidential Information by placing the legend "CONFIDENTIAL" on the first page of such document and on each page containing Confidential Information.

13. Any Party may designate Discovery Material documents produced by Third Parties pursuant to subpoenas as Confidential Information. Counsel for the subpoenaing party must promptly disclose the subpoenaed documents to all other counsel of record, who have 30 days from the date of receipt of the documents to designate any of the documents as Confidential Information. Until 30 days have passed after receipt of the documents by the Designating Party, the documents shall be deemed to contain Confidential Information.

14. Inadvertent failure to designate Discovery Material as Confidential Information at the time of production pursuant to this Protective Order may be remedied by supplemental written notice by the Designating Party. Upon receipt of such notification, all documents, materials, or testimony so designated or re-designated shall be fully subject to this Protective Order as if they had been initially so designated. The Designating Party must timely provide re-produced versions of the Discovery Material with confidentiality designations.

**Challenges to Designation as and Access to Confidential Information**

15. Any designation or non-designation of Discovery Material as Confidential Information is subject to challenge by any Party. If a Party objects to a designation of Discovery Material as Confidential Information, or objects to the limitations on access to be accorded such Discovery Material under this Protective Order, such Party shall provide to the Producing Party/Designating Party and all other Parties written notice of its disagreement and shall specifically identify the Discovery Material in dispute. If, despite a good faith effort, including a conference to meet and confer regarding the objection(s), the dispute cannot be resolved informally by the Parties, the Party contesting the designation or limitations on access may seek relief from the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court for the District of Arizona. The Party asserting the designation of information as Confidential Information shall bear the burden of demonstrating that the Discovery Material is entitled to such designation. Pending the Court's ruling, from the date that the contesting Party provides its written notice of disagreement, both Parties shall continue to treat the Discovery Material as Confidential Information in the manner required by this Protective Order. Failure to seek relief from the Court within 30 days of written notice of disagreement described in this paragraph waives any right to pursue a Court ruling concerning confidentiality of the disputed material.

**Restrictions on Use and Further Disclosure of Information**

16. All Confidential Information produced in this action shall be used by the Party receiving such Discovery Material solely in connection with the prosecution or defense of this litigation, including any appeals, and for no other purpose.

17. Except with the prior consent of the Designating Party, which shall not be unreasonably withheld, or upon prior order of the Court, Discovery Material designated as Confidential Information shall not be disclosed by any Party to any person other than the following:

5

(a) the Parties and their employees, officers, administrators, and trustees, solely for the purpose of prosecuting, defending, appealing, or settling the action;

(b) counsel for the Parties, including in-house counsel, and the secretaries, legal assistants, or other support personnel who are employees of the Parties' counsel to the extent reasonably necessary to assist the Parties' counsel in this litigation;

(c) actual or potential consulting or testifying experts, consultants, and litigation support vendors who are expressly retained in connection with this litigation to assist counsel of record for the Parties and the employees of such persons;

(d) the Court, Court personnel, and jurors;

(e) court reporters and videographers who are retained to transcribe or videotape testimony in this action;

(f) any deponent in this action who previously had lawful access to the Confidential Information, and (if applicable) their legal counsel;

(g) actual or potential witnesses in this action who previously had lawful access to the Confidential Information, and (if applicable) their legal counsel;

(h) the Parties' insurers, including representatives of the State of Arizona Risk Management Division, and (if applicable) their legal counsel; and

(i) mediators or other persons engaged in alternative dispute resolution, and individuals working with or for them, who shall be advised of and shall agree to the confidentiality requirements in advance of being provided with any Confidential Information.

18. Any persons entitled to receive Discovery Materials designated as Confidential Information, other than those persons identified in Paragraphs 17(a), 17(b), 17(d), 17(e), 17(f), 17(g), and 17(h) must, before receiving such Information, read this Protective Order and execute an Acknowledgement and Agreement in the form attached as **Exhibit A**, indicating that they read this Protective Order and will abide by its terms. The signed Acknowledgement and Agreement shall be retained by counsel disclosing the Confidential Information.

19. If Discovery Material designated as Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all Parties and, without prejudice to other rights and remedies of any Party, shall make a reasonable, good faith effort to bind the person in the manner described in Paragraph 17 or to retrieve such information and to prevent further disclosure by them or by the person who received such information.

20. Discovery Material designated Confidential Information may not be filed on the Court's public docket unless (a) the filing Party has filed a motion to seal pursuant to LRCiv 5.6 and the Court has denied that motion, (b) the Parties agree to waive the designation of the Discovery Material as Confidential Information, (c) the Parties agree to the filing of the material with agreed-upon redactions of the Confidential Information, or (d) the designation of the Discovery Material as Confidential Information has been removed by the Court pursuant to this Agreement. If Confidential Information is to be filed pursuant to section (a) of this paragraph, the Parties shall confer prior to filing in order to attempt in good faith to reach agreement on appropriate redactions to be implemented prior to filing. If the Parties cannot agree to such redactions, the Parties shall request that the Court review the dispute and evaluate the relevant documents in camera prior to any filing of Confidential Information.

**Miscellaneous**

21. All provisions of the Protective Order restricting the use of Discovery Material shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the Parties agree otherwise in writing. Any and all originals and copies of Confidential Information designated by the Parties shall, at the request of the Designating Party, be returned to the Designating Party or destroyed at the Designating Party's expense, within one month after a final judgment has been entered in this action and the time for appeals has expired, except that counsel

for each Party may maintain in their files copies of each pleading and litigation document filed with the Court, each written discovery request and written response thereto, and each deposition transcript. Nothing in this paragraph shall require any Party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Information. The Parties shall not be required to locate and destroy emails (including attachments to emails) transmitted in connection with this litigation that may include Confidential Information, or Confidential Information contained in any draft or final deposition or trial transcript (including exhibits) or any draft or final expert or consultant report (including exhibits).

22. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Information, that Party must: (1) promptly notify in writing the Designating Party and provide a copy of the subpoena or court order; (2) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order, which notification shall include a copy of this Protective Order; and (3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Information and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

23. Neither this Protective Order nor any Party's designation of Discovery Material as Confidential Information affects the admissibility of the information so

8

1  designated.

2      24.    Nothing in this Protective Order constitutes an agreement regarding the
3  scope of discovery.

4      25.    Nothing in this Order shall be construed to limit a Producing Party's use
5  or disclosure of its own materials.  Such disclosures shall not affect any confidential
6  designation made pursuant to the terms of this Order so long as the disclosure is made
7  in a manner which is reasonably calculated to maintain the confidentiality of the
8  information.  Nothing in this Order shall prevent or otherwise restrict counsel from
9  rendering advice to their clients, and in the course thereof, relying on examination of
10 stamped Confidential Information.

11     26.    If a Party determines that Discovery Material that is subject to a claim of
12 Privilege was inadvertently produced, the Party shall inform counsel for each other
13 Party of the inadvertent production in writing, and counsel for each Party shall take
14 reasonable steps to ensure that all known copies of any such Discovery Material are
15 promptly destroyed or returned to the disclosing Party.  Inadvertent production of
16 Privileged Discovery Material will not be deemed to have waived any privilege. Return
17 of such Discovery Material pursuant to this paragraph does not prejudice the returning
18 Party's ability to seek redress from the Court and/or a motion concerning disagreement
19 with the designation or non-designation of such material as privileged or as
20 Confidential Information pursuant to Paragraph 15, above.

21     27.    This Order shall take effect when entered and shall be binding upon all
22 counsel and their law firms, the Parties, and persons made subject to this Order by its
23 terms.

24     …

25     ..

26     …

27     …

28     …

28. The inadvertent production of any Discovery Material during discovery in this proceeding without a Confidential designation that the Producing Party believes contains attorney-client communications, attorney work product, or otherwise privileged information shall be handled in accordance with Rule 502(b) of the Federal Rules of Evidence.

Dated this 11th day of December, 2024.

_____
Honorable Susan M. Brnovich
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe, | No. 2:24-cv-01829-SMB |
| Plaintiff, | **ACKNOWLEDGMENT AND AGREEMENT TO ABIDE BY TERMS OF PROTECTIVE ORDER** |
| v. | |
| Arizona Board of Regents, governing body of Arizona State University, an agent of the State of Arizona; Dr. Joanne Vogel; and Jodi Preudhomme, | |
| Defendants. | |

**ACKNOWLEDGEMENT AND AGREEMENT**

I hereby certify that I have read the Protective Order entered in the above-captioned litigation. I hereby agree to be bound by the terms of the Protective Order and to submit personally to the jurisdiction of this Court for purposes of enforcing my agreement to be bound by the terms of the Protective Order.

I hereby agree that I will use any documents or other material designated as "CONFIDENTIAL INFORMATION" in accordance with the Protective Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

_____
Signature

_____
Printed Name

Date: _____